# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 10-233 |
| v. | ) | CV 16-715 |
| JOSEPH MACK | | |

## OPINION AND ORDER

## SYNOPSIS

In this action, on October 4, 2011, Defendant pleaded guilty to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841. The sentence rested, in part, on Defendant's career offender status, which in turn rested, in part, on two convictions for Pennsylvania resisting arrest. As a result of the enhancement, the applicable Guideline range was 188 to 325 months. On February 21, 2012, after departure and variance, this Court sentenced Defendant to a term of imprisonment of 130 months, followed by four years of supervised release. It appears that Defendant's unenhanced Guideline range would have been 60 to 71 months. Before the Court is Defendant's Section 2255 Motion, arguing that he was improperly subject to a career offender enhancement.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter,

1

93 Fed. Appx. 402 (3d Cir. 2004). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

In response to Defendant's Motion, the Government agrees that Defendant's prior conviction for resisting arrest no longer qualifies as a predicate. It argues, however, that Johnson v. United States, __ U.S. __, 135 S. Ct. 2551, 2563, 192 L. Ed. 2d 569 (2015), is not retroactive to Guidelines cases, such as this one, arising on collateral review. I reject the Government's contentions, for reasons explained by my colleagues in this and other courts. E.g., United States v. Boone, 2016 U.S. Dist. LEXIS 70600 (W.D. Pa. May 31, 2016); cf. also In re Patrick, 2016 U.S. App. LEXIS 14878 (6th Cir. 2016); United States v. Calabretta, 2016 U.S. App. LEXIS 13568 (3d Cir. July 26, 2016); Townsley v. United States, 2016 U.S. Dist. LEXIS 101179 (M.D. Pa. June 22, 2016).

Because I am not persuaded by the Government's opposition to Defendant's Motion, the Motion will be granted. This matter is scheduled for resentencing on 9/22/16, 2016, at 11:15:00 A.M. in Courtroom 3B, before the undersigned.

AND NOW, this 29th day of Aug, 2016, IT IS SO ORDERED.

BY THE COURT:

*Donetta W. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court